UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRIFFIN CAPITAL COMPANY, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>ESSENTIAL PROPERTIES REALTY TRUST, INC.,<br><br>            Defendant. | CASE NO. 1:18-cv-04255-MHC |

**DEFENDANT ESSENTIAL PROPERTIES REALTY TRUST, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S GRIFFIN CAPITAL COMPANY, LLC'S COMPLAINT**

Defendant Essential Properties Realty Trust, Inc. ("EPRT"), for its Answer, Defenses, and Counterclaim to the Complaint of Plaintiff Griffin Capital Company, LLC ("Griffin Capital"), states as follows:

### I.   THE PARTIES

1.  On information and belief, EPRT admits the allegations of paragraph 1 of the Complaint.

2.  EPRT admits that its principal place of business is located at 47 Hulfish Street, Suite 210, Princeton, New Jersey 08542. EPRT denies the remaining allegations of paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3.     EPRT admits that the Complaint purports to state a claim for trademark infringement under the Lanham Act and under Georgia statutory and common law.  EPRT denies the remaining allegations of paragraph 3 of the Complaint.

4.     EPRT admits that this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), and 1367(a).  EPRT denies the remaining allegations of paragraph 4 of the Complaint.

5.     EPRT admits that venue is proper in this District, but denies that this District is a convenient forum for litigation of this dispute.  EPRT further admits that it is registered to conduct business in Georgia, and that it has designated Cogency Global, Inc. 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076, as an agent for service of process in this District.  EPRT denies the remaining allegations of paragraph 5 of the Complaint.

6.     EPRT admits that it owns property in Georgia among many other states, that revenue is derived from such property, and that advertisements for its services may appear in national publications that are disseminated in Georgia.  EPRT further admits that it does business "without consent or license from Griffin

Capital," but denies that any such consent or license is required. EPRT denies the remaining allegations of paragraph 6 of the Complaint.

7. EPRT denies the allegations of paragraph 7 of the Complaint.

### III. THE CONTROVERSY

8. EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and on that basis denies such allegations.

9. EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and on that basis denies such allegations.

10. EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and on that basis denies such allegations.

11. EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and on that basis denies such allegations.

12. EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and on that basis denies such allegations.

13. EPRT admits that it uses the words and/or a logo with the words "Essential Properties Realty Trust" in connection with its business. EPRT denies the remaining allegations of paragraph 13 of the Complaint.

14. EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and on that basis denies such allegations.

15. EPRT admits that advertisements for its services referencing the name "Essential Properties Realty Trust" may appear in national publications that are disseminated in Georgia and that it has made sales to customers throughout the United States, including in Georgia. EPRT denies the remaining allegations of paragraph 15 of the Complaint.

16. EPRT denies the allegations of paragraph 16 of the Complaint.

17. EPRT denies the allegations of paragraph 17 of the Complaint.

18. EPRT admits that it was previously known as SCF Realty Capital. EPRT denies the remaining allegations of paragraph 18 of the Complaint.

19. EPRT denies the allegations of paragraph 19 of the Complaint.

20. EPRT admits that it had an initial public offering in or after May 2018, and that it had adopted the name "Essential Properties Realty Trust" prior to

that time.  EPRT denies the remaining allegations of paragraph 20 of the Complaint.

21. EPRT denies the allegations of paragraph 21 of the Complaint.

22. EPRT admits that on or about June 7, 2018, Griffin Capital sent EPRT a letter, a copy of which is attached to the Complaint as Exhibit C.  EPRT denies the remaining allegations of paragraph 22 of the Complaint.

23. EPRT admits that, on or about July 18, 2018, it filed an intent-to-use application to federally register ESSENTIAL PROPERTIES REALTY TRUST, that the application did not include an attorney signature or declaration, which would ultimately be required if a registration were to issue.  EPRT denies the remaining allegations of paragraph 23 of the Complaint.

24. EPRT denies the allegations of paragraph 24 of the Complaint.

25. EPRT denies the allegations of paragraph 25 of the Complaint.

## COUNT I
## INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK

26. Paragraph 26 does not contain any substantive allegations; rather, it incorporates and realleges paragraphs 1 through 25 of the Complaint, and accordingly no response is required.  To the extent a response is required, EPRT incorporates by reference its responses to the allegations contained in paragraphs 1 through 25 of the Complaint.

27. EPRT denies the allegations of paragraph 27 of the Complaint.

28. EPRT denies the allegations of paragraph 28 of the Complaint.

29. EPRT denies the allegations of paragraph 29 of the Complaint.

30. EPRT denies the allegations of paragraph 30 of the Complaint.

31. EPRT denies the allegations of paragraph 31 of the Complaint.

32. EPRT denies the allegations of paragraph 32 of the Complaint.

33. EPRT denies the allegations of paragraph 33 of the Complaint.

## COUNT II
## UNFAIR COMPETITION

34. Paragraph 34 does not contain any substantive allegations; rather, it incorporates and realleges paragraphs 1 through 33 of the Complaint, and accordingly no response is required. To the extent a response is required, EPRT incorporates by reference its responses to the allegations contained in paragraphs 1 through 33 of the Complaint.

35. EPRT denies the allegations of paragraph 35 of the Complaint.

36. EPRT denies the allegations of paragraph 36 of the Complaint.

37. EPRT denies the allegations of paragraph 37 of the Complaint.

38. EPRT denies the allegations of paragraph 38 of the Complaint.

## COUNT III
## <u>GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT</u>

39. Paragraph 39 does not contain any substantive allegations; rather, it incorporates and realleges paragraphs 1 through 38 of the Complaint, and accordingly no response is required. To the extent a response is required, EPRT incorporates by reference its responses to the allegations contained in paragraphs 1 through 38 of the Complaint.

40. Paragraph 40 does not contain any substantive allegations; rather, it identifies the Georgia Uniform Deceptive Trade Practices Act, O.G.C.A. § 10-1-370 as the law under which Count III purportedly arises, and accordingly no response is required. To the extent a response is required, EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and on that basis denies such allegations.

41. EPRT denies the allegations of paragraph 41 of the Complaint.

42. EPRT denies the allegations of paragraph 42 of the Complaint.

43. EPRT denies the allegations of paragraph 43 of the Complaint.

44. EPRT denies the allegations of paragraph 44 of the Complaint.

45. EPRT denies the allegations of paragraph 45 of the Complaint.

## COUNT IV
## GEORGIA FRAUDULENT USE OF TRADEMARK

46. Paragraph 46 does not contain any substantive allegations; rather, it incorporates and realleges paragraphs 1 through 45 of the Complaint, and accordingly no response is required. To the extent a response is required, EPRT incorporates by reference its responses to the allegations contained in paragraphs 1 through 45 of the Complaint.

47. EPRT denies the allegations of paragraph 47 of the Complaint.

48. EPRT denies the allegations of paragraph 48 of the Complaint.

49. EPRT denies the allegations of paragraph 49 of the Complaint.

## COUNT V
## GEORGIA COMMON LAW TRADEMARK INFRINGEMENT

50. Paragraph 50 does not contain any substantive allegations; rather, it incorporates and realleges paragraphs 1 through 49 of the Complaint, and accordingly no response is required. To the extent a response is required, EPRT incorporates by reference its responses to the allegations contained in paragraphs 1 through 49 of the Complaint.

51. Paragraph 51 does not contain any substantive allegations; rather, it identifies the Georgia common law of trademark infringement as the law under which Count V purportedly arises, and accordingly no response is required. To the

extent a response is required, EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and on that basis denies such allegations.

52.  EPRT denies the allegations of paragraph 52 of the Complaint.

53.  EPRT denies the allegations of paragraph 53 of the Complaint.

54.  EPRT denies the allegations of paragraph 54 of the Complaint.

## COUNT VI
## GEORGIA COMMON LAW OF UNFAIR COMPETITION

55.  Paragraph 55 does not contain any substantive allegations; rather, it incorporates and realleges paragraphs 1 through 54 of the Complaint, and accordingly no response is required.  To the extent a response is required, EPRT incorporates by reference its responses to the allegations contained in paragraphs 1 through 54 of the Complaint.

56.  Paragraph 56 does not contain any substantive allegations; rather, it identifies the Georgia common law of unfair competition as the law under which Count VI purportedly arises, and accordingly no response is required.  To the extent a response is required, EPRT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint, and on that basis denies such allegations.

57.  EPRT denies the allegations of paragraph 57 of the Complaint.

58. EPRT denies the allegations of paragraph 58 of the Complaint.

59. EPRT denies the allegations of paragraph 59 of the Complaint.

## DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any of these defenses, EPRT alleges the following defenses to the allegations set forth in the Complaint:

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

The Complaint and each and every purported claim therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE – NO LIKELIHOOD OF CONFUSION

There is no likelihood of confusion between EPRT's use of the term "essential" or the name Essential Properties Realty Trust and Griffin Capital's use of the putative mark ESSENTIAL ASSET.

### THIRD DEFENSE – GRIFFIN CAPITAL'S CLAIMED MARK IS MERELY DESCRIPTIVE

Griffin Capital's putative mark ESSENTIAL ASSET and the phrase "essential asset" is merely descriptive of the types of assets in which Griffin Capital invests and manages, and thus is incapable of functioning as a trademark for such services.

### FOURTH DEFENSE – LACHES/ESTOPPEL/WAIVER/ACQUIESCENCE

EPRT is informed and believes that Griffin Capital has been aware of EPRT's use of the name Essential Properties Realty Trust and the term "essential" in connection with real estate investments for a substantial period of time, but deliberately chose to take no action in response to such use, thereby causing prejudice to EPRT. The Complaint and each and every purported claim therein is barred by the doctrines of laches, estoppel, waiver, and/or acquiescence.

### FIFTH DEFENSE – FAIR USE

EPRT's use of the term "essential" constitutes a use, other than as a mark, of a term or device which is descriptive and used fairly and in good faith to describe EPRT's services.

### SIXTH DEFENSE – INNOCENT CONDUCT

While expressly denying liability, if EPRT is found to have infringed or invaded any enforceable right of interest held by Griffin Capital, EPRT did so without any knowledge or intent.

### SEVENTH DEFENSE – INCONVENIENT FORUM

The forum selected by Griffin Capital is inconvenient for litigation of this dispute, and this action should therefore be transferred pursuant to 28 U.S.C. § 1404(a).

## EIGHTH DEFENSE – ADDITIONAL DEFENSES

EPRT presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, unstated defenses. On that basis, EPRT reserves the right to amend this Answer to assert additional defenses in the event discovery indicates that additional defenses are appropriate.

## ESSENTIAL PROPERTIES REALTY TRUST, INC.'S COUNTERCLAIM AGAINST GRIFFIN CAPITAL COMPANY, LLC

EPRT, for its Counterclaim against Griffin Capital, alleges as follows:

### PARTIES AND JURISDICTION

1. Defendant and Counterclaim Plaintiff EPRT is a Maryland corporation with its principal place of business in Princeton, New Jersey.

2. On information and belief, Plaintiff and Counterclaim Defendant Griffin Capital is a Delaware limited liability company with its principal place of business located in El Segundo, California.

3. Jurisdiction is proper in this Court pursuant to 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331 and 1338(a).

## COUNTERCLAIM COUNT I – CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 5,384,679
## (Lanham Act, 15 U.S.C. § 1064)

4.  Griffin Capital has accused EPRT of infringing U.S. Trademark Registration No. 5,384,679, for the putative mark ESSENTIAL ASSET in connection with real estate investment trust ("REIT") services.

5.  Less than five years have passed since January 23, 2018, the date that U.S. Trademark Registration No. 5,384,679 was registered.

6.  The phrase "essential asset," when used in connection with REIT services, is merely descriptive of the services provided and the types of assets in the REITs offered by Griffin Capital in connection with that phrase. EPRT is informed and believes, and on that basis alleges, that the phrase "essential asset" as used by Griffin Capital was not distinctive of Griffin Capital's REIT services at the time Griffin Capital filed the application that resulted in U.S. Trademark Registration No. 5,384,679, and has not become distinctive of Griffin Capital's REIT services since that time.

7.  EPRT is informed and believes, and on that basis alleges, that when Griffin Capital filed the application that resulted in U.S. Trademark Registration No. 5,384,679, Griffin Capital recognized that the phrase "essential asset" as used

in connection with REIT services was not inherently distinctive when used in connection with such services, but instead was merely descriptive of such services.

8. EPRT is informed and believes, and on that basis alleges, that Griffin Capital uses the phrase "essential asset" in its common and descriptive sense to describe Griffin Capital's REIT services and the types of assets in the REITs offered by Griffin Capital, including without limitation on its website and in marketing materials. For example:

a. Griffin Capital's website describes its Griffin Capital Essential Asset REIT II as including "Business **Essential Assets**," and identifies at least one of its investment objectives as "Provide regular cash distributions to our stockholders by investing in a portfolio of 100% leased business **essential assets** occupied by credit worthy-tenants." https://www.griffincapital.com/griffin-capital-essential-asset-reit-ii/about/overview-goals-and-objectives (emphases added);

b. Griffin Capital's marketing materials for the same REIT describes its purpose as "seek[ing] to align our investment objectives and strategies with shareholder goals by investing in single-tenant, business **essential assets** net leased to investment grade rated tenants." https://www.griffincapital.com/Documents/Essential%20Asset%20RE

IT%20II/Marketing%20Materials/Investor%20Kit/EA2-Brochure.pdf (emphasis added); and

    c. Griffin Capital's online description of its Griffin Capital Essential Asset REIT, Inc. offering contains a similar reference to "Business **Essential Assets**," including the following description: "Business **essential assets** are those that the tenant must continue to operate and occupy to maintain business continuity-regardless of prevailing economic conditions." https://www.griffincapital.com/griffin-capital-essential-asset-reit/about/overview-and-strategy/ (emphasis added).

9.      EPRT believes that it will be damaged by U.S. Trademark Registration No. 5,384,679, including without limitation to the extent that Griffin Capital is permitted to enforce such registration in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff EPRT prays for the following relief:

1.      That Griffin Capital take nothing on its Complaint and that judgment be entered in favor of EPRT;

2. That judgment be entered in favor of EPRT and against Griffin Capital on EPRT's Counterclaim for cancellation of U.S. Trademark Registration No. 5,384,679;

3. That, due to the exceptional nature of this action, the Court award EPRT its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) or as otherwise permitted by law;

4. That the Court award EPRT its costs incurred in connection with this action; and

5. That the Court award or order such other relief as the Court may deem just and equitable.

This 2nd day of November, 2018,

/s/*Daniel A. Kent*
Daniel A. Kent
Georgia Bar No.: 415110
dankent@kentrisley.com
KENT & RISLEY LLC
5755 N Point Pkwy, Suite 57
Alpharetta, GA 30022
Telephone: (404) 585-4214
Facsimile: (404) 829-2412

Rollin A. Ransom (*Pro Hac Vice pending*)
rransom@sidley.com
Lauren M. De Lilly (*Pro Hac Vice pending*)
ldelilly@sidley.com

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant and Counterclaim Plaintiff Essential Property Realty Trust, Inc.*